IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C.; and
DOES 1-100,

    Plaintiffs,

v.

FIRST TRUST COMPANY OF ONAGA;
ROGER CROUCH;
MORRILL AND JANES BANKS AND TRUST;
NEILL H. TAYLOR; and
ROES [DOES] 2-100,

    Defendants.

## ORDER

    THIS MATTER is before the Court on Plaintiff's Motion to Dismiss the Crouch and Taylor Counter Complaint (docket #46), filed October 1, 2007.  The motion seeks dismissal pursuant to FED. R. CIV. P. 12(b)(6).  Attached to the motion are exhibits and other evidence outside of the pleadings in this matter.

    If the court considers matters outside of the pleadings, a motion to dismiss pursuant to Rule 12(b)(6) should be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995).  As to a motion under Rule 12(b)(1), when the motion challenges the facts upon which subject matter jurisdiction depends, a court has wide discretion to allow affidavits and other

documents to resolve disputed jurisdictional facts. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002). "Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under FED. R. CIV. P. 56." *Id.* However, there is an exception to this rule when "the jurisdictional question is intertwined with the merits of the case." *Id.*

In the case at hand, Defendant's Motion to Dismiss refers to matters outside the pleadings as to its request for dismissal under Rule 12(b)(6). If the Court considers such evidence, the motion would need to be converted to a summary judgment motion. However, if the motion is converted it fails to comply with the Court's Practice Standards.

Accordingly, it is

ORDERED that Plaintiff's Motion to Dismiss the Crouch and Taylor Counter Complaint (docket #46) is **STRICKEN** with leave to refile. It is

FURTHER ORDERED that Plaintiff may refile the motion within ten (10) days as a motion to dismiss without the accompaniment of exhibits or other outside evidence in connection with the Rule 12(b)(6) motion. In the alternative, Plaintiff may refile the motion within ten (10) days as a motion for summary judgment in compliance with this Court's Hearing, Conference & Trial Procedures. If Plaintiff chooses to refile the motion as a motion for summary judgment, it is

FURTHER ORDERED that Plaintiff shall file an answer to the Counter Complaint within twenty (20) days of receipt of this Order.

Dated: October 3, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge