IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C.; and
DOES 1-100,

    Plaintiffs,

v.

FIRST TRUST COMPANY OF ONAGA;
ROGER CROUCH;
MORRILL AND JANES BANKS AND TRUST;
NEILL H. TAYLOR; and
ROES [DOES] 2-100,

    Defendants.

**ORDER**

I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiff West Ridge Group L.L.C.'s Motion to Remand (docket #8), filed August 1, 2007.  On August 21, 2007, the Defendants filed a response.  Plaintiff did not file a reply.

By way of background, Plaintiff brought this action against the Defendants in Colorado State District Court on or about May 18, 2007, alleging various causes of action relating to: (1) Plaintiff's purchase of property in Delta County, Colorado; (2) a Deed of Trust securing payment for that property; (3) and the subsequent assignment of that Deed of Trust to Defendants Neill H. Taylor and Roger Crouch.  Defendants

removed the Complaint to this Court on July 26, 2007. On August 1, 2007, Plaintiff moved to remand the case back to the Delta County state court. For the reasons set forth below, Plaintiff's motion to remand is denied.

II. BACKGROUND

Plaintiff commenced this action in the District Court for Delta County, Colorado, alleging various causes of action arising out of Plaintiff's purchase of property located in Delta County. (Compl. ¶¶ 10-27.) According to the Complaint, Plaintiff executed a promissory note and deed of trust in favor of non-party sellers, Larry and Ruth Head ("Sellers"), to secure payment for the Delta County property. (Compl. ¶ 11.) The Complaint alleges that the Sellers subsequently assigned the promissory note and deed of trust to the "defendants." (Compl. ¶ 15.) Specifically, the Complaint alleges the following seven causes of action: (1) breach of contract; (2) accounting; (3) unjust enrichment; (4) interference with business relations; (5) unfair trade practices; (6) "violation of statute" (including RESPA); and (7) negligence.

III. ANALYSIS

A. Plaintiff's Motion to Remand

As noted, Plaintiff filed suit in Colorado state court in May of 2007. On July 26, 2007, Defendants filed a notice of removal in the United States District Court for the District of Colorado on the ground that this Court has original federal question jurisdiction under 28 U.S.C. § 1332. According to the Defendants, Plaintiff alleges a claim for a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-17. (Compl. ¶¶ 38-40.) Section 16 of RESPA reads as follows:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

12 U.S.C. § 2614. The Defendants also state that the property that is the subject of this action is located in the District of Colorado. Accordingly, the Defendants argue that removal to federal court was proper under 28 U.S.C. §§ 1441 and 1331.

      1.     <u>Standard of Review</u>

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under the "well-pleaded complaint" rule, an action arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, as "master of the claim," a plaintiff "may prevent removal by choosing not to plead a federal claim even if one is available." *Schmeling v. NRODAM*, 97 F.3d 1336, 1339 (10th Cir. 1996).

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "[S]ection 1441(c) operates to limit federal jurisdiction and 'all doubts arising from defective, ambiguous and inartful pleadings should be

resolved in favor of the retention of state court jurisdiction.'" *Denver United States Nat. Bank v. Rippey*, 260 F. Supp. 717, 721 (D. Colo. 1966). Defendants, as the party seeking removal, have the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Ass. of Soil Conservation Districts*, 841 F. Supp. 350 (D. Colo. 1993).

      2.    <u>Analysis</u>

In determining whether Plaintiff's claims in the instant action arise under federal law, I must first look to Plaintiff's Complaint. Plaintiff's Complaint contains the following relevant allegations:

<u>Violation of Statute</u>

> 38. Plaintiff WRG incorporates paragraphs 1-37 as if fully set out herein.
> 39. In doing or omitting the acts complained of above, **defendants have violated both Federal and State Staute [sic], including the RESPA requirements and others**.
> 40. For violation of the statutes and per-se violations alleged herein, Plaintiff has been harmed in an amount to be proven at the time of trial including treble damages.

(Compl. ¶¶ 38-40)(emphasis added). In its motion to remand, Plaintiff argues that this claim "is a tangential reference to a negligence per se cause of action which generally cites a RESPA violation among other statutes." (Pl.'s Mot. at 3.) Plaintiff further argues that its Complaint contains "no specific allegations regarding violations of [RESPA]." (Pl.'s Mot. at 8.) In examining Plaintiff's Complaint, I disagree with Plaintiff's arguments. I find, on its face, Plaintiff's claim entitled "Violation of Statute" asserts a federal cause of action under RESPA. Specifically, paragraph 39 states that the "defendants have violated both Federal and State Staute [sic], including the RESPA

requirements and others." (Compl. ¶ 39.) This language clearly asserts a claim for a violation of a federal statute (RESPA) among other statutes. Thus, this Court has federal question jurisdiction over this matter, and it was properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1331. Accordingly, Plaintiff's motion for remand should be denied.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Remand [# 8], is **DENIED**.

Dated:  October 31, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge