IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C.; and
DOES 1-100,

    Plaintiffs,

v.

FIRST TRUST COMPANY OF ONAGA;
ROGER CROUCH;
MORRILL AND JANES BANKS AND TRUST;
NEILL H. TAYLOR; and
ROES [DOES] 2-100,

    Defendants.

## ORDER

THIS MATTER comes before the Court on the Plaintiff's Motion to Continue Rule 56 Hearing to Allow Discovery of Defendants First Bank of Onaga and Morrill and James [sic] Bank and Mr. Roger Crouch (docket #115), filed May 13, 2008. This motion was actually docketed as a response to Defendants Roger Crouch and Neill H. Taylors' Motion for Summary Judgment (docket #105), filed April 18, 2008. On July 17, 2008, I issued a minute order stating that I will construe Plaintiff's pleading as a motion pursuant to Fed. R. Civ. P. 56(f) and ordered a response from Defendants Roger Crouch and Neill H. Taylor. Accordingly, on July 28, 2008, Defendants Crouch and Taylor filed their response to Plaintiff's motion.

In the motion, the Plaintiff argues that he needs additional time to conduct

discovery in order to respond to Defendants Crouch and Taylors' motion for summary judgment pursuant to Fed. R. Civ. P. 56(f). Rule 56(f) reads as follows:

> When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to the undertaken; or (3) issue any other just order.

In the motion, Plaintiff specifically states that he has "tried repeatedly to take the deposition [sic] of Mr. Crouch, and of [sic] First Trust of Onaga [sic] and of Morrill and James [sic] Bank. The Banks are clearly agents and perhaps direct principals in the conduct complained of in the complaint." (Pl.'s Mot. at 1.) Plaintiff further claims that

> facts may be obtained in the depositions tending to show (a) discussions of calculations as to how to increase the return on investment by forcing a premature payoff . . . (b) discussions of how to proceed on the partial release; (c) Mr. Crouch's impressions of the significance of the terms of the note and deed of trust—most importantly the partial release provisions; and (d) Mr. Crouch's actions in responding to the payoff demand, the partial release determination, and his opinion of the agents and appraisers correspondence.

(Pl.'s Mot. at 2). Finally, Plaintiff claims that he must obtain the affidavit or deposition testimony of the appraiser used by Defendants.

In response, the Defendants state that Mr. Crouch's deposition was taken on July 8, 2008 and "[e]ven though Plaintiff was afforded the opportunity to depose representatives of First Bank of Onaga and Janes Bank in Kansas, Plaintiff has failed to do so." (Defs.' Resp. at 3.) Defendants also argue that I should grant their motion for summary judgment based on the Plaintiff's failure to timely respond.

After carefully reviewing Plaintiff's motion and Fed. R. Civ. P. 56(f), I find that Plaintiff has failed to show specified reasons that justify a continuance. Even though the Plaintiff indicates he needs additional time to conduct depositions and obtain affidavits, he fails to explain why he needs to elicit this information in order to respond to the Defendants' motion for summary judgment. Instead, Plaintiff merely attaches an affidavit from Joseph Cisler that I find to be both unintelligible and unrelated to Fed. R. Civ. 56(f). Accordingly, I find that Plaintiff's motion for a continuance pursuant to Fed. R. Civ. P. 56(f) should be denied.

To the extent that the Defendants argue I should grant their motion for summary judgment based on the Plaintiff's failure to timely respond, this request is denied. First, although the instant motion was docketed as a response to the motion for summary judgement, I construe it as a motion pursuant to Fed. R. Civ. 56(f). Additionally, I do not find that the fact that the motion was filed one day out of time a sufficient reason to grant the motion for summary judgment. In fact, the Tenth Circuit has held that is it improper for a district court to grant summary judgment purely based on the failure to respond. Even though the nonmoving party has failed to respond to the motion, the court must still determine whether the moving party has demonstrated the absence of any triable issue of fact and entitlement to judgment as a matter of law. *Van Leeuwan v. Nuzzi*, 810 F. Supp. 1120, 1121-22 (Colo. 1993) (citing 10A Charles A. Wright, et al., Federal Practice and Procedure § 2739 at 523-29 (1983)). However, I do note that in the future, the parties are ordered to seek leave of the court if they wish to file any pleading out of time.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Continue Rule 56 Hearing to Allow Discovery of Defendants First Bank of Onaga and Morrill and James [sic] Bank and Mr. Roger Crouch (docket #115), filed May 13, 2008, is **DENIED.**  In accordance therewith, the **Plaintiff shall file his response to the Defendants' motion for summary judgment within (20) twenty days of the date of this Order.**  It is

FURTHER ORDERED that the Defendants' Motion for Entry of Summary Judgment Based Upon Plaintiff's Failure to Timely Respond (docket #114), filed May 13, 2008, is **DENIED.**

Dated: July 30, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge