IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C.; and
DOES 1-100,

    Plaintiffs,

v.

FIRST TRUST COMPANY OF ONAGA;
ROGER CROUCH;
MORRILL AND JANES BANKS AND TRUST;
NEILL H. TAYLOR; and
ROES [DOES] 2-100,

    Defendants.

## ORDER

THIS MATTER comes before the Court upon review of the file. On August 15 2008, the Clerk of the Court notified my chambers that Plaintiff's counsel, Mr. Anselmo, was suspended by the State Bar of California on September 18, 2006 for failure to pay registration fees and again on August 16, 2007 for noncompliance with child and family support obligations. On August 18, 2008, I ordered Mr. Anselmo to show cause in writing why he is not in violation of D.C.COLO.LCivR 83.3, which requires that "[a]n attorney admitted to the bar of this court must remain in good standing in all courts where admitted." *Id.* "An attorney who is not in good standing shall not practice before the bar of this court or continue to be an attorney of record in any pending case." *Id.* On August 20, 2008, Mr. Anselmo submitted a response to my Order to Show Cause. I

deemed that response to be insufficient and ordered Mr. Anselmo to provide written documentation from the State Bar of California stating that he is a member in good standing.

On September 6, 2008, Mr. Anselmo submitted a letter to the Court from the State Bar of California stating that his August 16, 2007 suspension for noncompliance with child and family support obligations was "amended nunc pro tunc." (Letter from State Bar of California.) After contacting the Member Services Center at the State Bar of California, I learned that while Mr. Anselmo's August 16, 2007 suspension for failure to pay child support was amended, his September 18, 2006 suspension for failure to pay registration fees was just recently lifted on April 15, 2008. According to the State Bar of California, Mr. Anselmo was placed on suspended status from September 18, 2006 until April 15, 2008 when Mr. Anselmo finally paid his outstanding registration fees. He is currently on voluntary inactive status. However, the documentation provided by Mr. Anselmo fails to address his suspension for failure to pay his registration fees.

I note that D.C.COLO.LCivR 83.3E1 and 83.3E3 state the following:

1. *Self-Reporting Requirements.* Whenever a member of the bar of this court has been suspended or disbarred for any reason by any court, the disciplined attorney shall, within 10 days of the date the disciplinary order enters, give written notice to the clerk of the court of the terms of discipline, the name and address of the court imposing the discipline, and the date of the court's action. This notice shall be provided regardless of any notification that is provided to this court by the court imposing the discipline.

3. *Reinstatement or Readmission.* Reinstatement following administrative suspension for failure to pay an annual fee or to comply with mandatory continuing legal education requirements

shall be automatic upon receipt by this court of written proof of reinstatement by the original suspending jurisdiction. . . .

The instant case was filed in this Court on July 26, 2007. At that time, Mr. Anselmo was on suspended status in the State of California for failure to pay his registration fees. Accordingly, Mr. Anselmo clearly violated D.C.COLO.LCivR 83.3E1 when he failed to self-report the suspension. However, pursuant to D.C.COLO.LCivR 83.3E3, Mr. Anselmo may be automatically reinstated in this Court once I receive written proof of his reinstatement by the State Bar of California. I have not received any such documentation to date. Thus, until Mr. Anselmo provides written proof of his reinstatement, he is in violation of the Court's rules, and he is prohibited from any further practice before this Court. Accordingly, it is

ORDERED that my Order to Show Cause dated August 18, 2008 is hereby **DISCHARGED.** It is

FURTHER ORDERED that until Mr. Anselmo provides written proof of his reinstatement by the State Bar of California for failure to pay his registration fees, he is in violation of this Court's rules. Thus, he is prohibited from any further practice before this Court or from continuing to be an attorney of record in any case before this Court.

Dated: September 10, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge