IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C., and
DOES 1-100,

Plaintiff,

v.

FIRST TRUST COMPANY OF ONAGA,
ROGER CROUCH,
MORRILL AND JANES BANK AND TRUST,
NEILL H. TAYLOR, and
ROES 2-100,

Defendants.
_____

**ORDER**
_____

Counsel for the parties appeared this morning for a final pretrial conference. Plaintiff's counsel (Phillip Anselmo) appeared by telephone <u>without</u> leave of court. Counsel for Crouch and Taylor (Tom Hill) appeared by telephone <u>with</u> leave of court, by a conference call which included Mr. Anselmo but was not operator-assisted. As a result, Mr. Anselmo could not hear the proceedings. Counsel for Morrill and Janes Bank and First Trust Company (Sean Baker and Sean Saxon) appeared in person.

First, I disapprove of Mr. Anselmo's presumptuousness in appearing at a court hearing by telephone without obtaining leave of court. Counsel must appear at hearings in person unless they obtain an order allowing alternative attendance.

Second, I disapprove of the use of conference calls which are not operator-assisted. Although the first caller in unassisted calls can hear and be heard, subsequently joined callers (like Mr. Anselmo this morning) cannot. This problem occurred previously in this case. I am frustrated to have the same problem recur.

This is a particularly contentious case, although for no apparent reason. The problems are exemplified by defendants' Notice Regarding Submission of Proposed Final Pretrial Order [Doc. # 215, filed 11/11/2008]. In general, I agree with the defendants' objections raised in the Notice.

The parties are directed to submit a revised proposed final pretrial order by 10:00 a.m. on November 20, 2008, which modifies the previous submission [Doc. # 214] in the following ways:

(1)  The plaintiff's statement of claims is improperly a statement of facts only; does not comply with the Instructions for Preparation of Final Pretrial Order, D.C.COLO.LCivR Appendix G (the "Instructions"); and is inadequate. There is no indication of the legal theories being advanced. The Instructions require that a statement of claims "includ[e] the respective versions of the facts and legal theories," but prohibit the mere copying of pleadings. Consequently, I expect a statement of claims to say something like: "The plaintiff asserts a claim for breach of contract based on the following facts, etc." In addition, the statement of claims must "[i]dentify the specific relief sought."

(2)  The plaintiff's witness list does not comply with the Instructions and is inadequate. First, it fails to provide the witnesses' addresses and telephone numbers, which apparently have not been previously disclosed. Second, there is no "short statement as to the

nature and purpose of the witness' testimony." Finally, the plaintiff identifies entities it expects to call. The witness list must, however, identify the specific person who will testify on behalf of each such entity, with a description of his/her authority to speak for the entity. Similarly, the Bank defendants also identify West Ridge Group as a witness, without specifying the particular person who spoke for it during the Rule 30(b)(6) deposition.

(3) The plaintiff's exhibit list does not comply with the Instructions and is inadequate. Each exhibit must be separately listed and numbered, just as it will be offered into evidence at trial. Each exhibit must be adequately described "so that other parties and the court can understand, <u>merely by referring to the list</u>, each separate exhibit which will be offered." (Emphasis added.) So, for example, an exhibit in this case might include: "Promissory Note, dated xx/xx/xxxx, in the amount of $xxx, with West Ridge Group, LLC, as maker and to the benefit of xxx." Each page of each exhibit must be Bates numbered, and the beginning and ending Bates numbers of each exhibit must be specified on the exhibit list. The defendants' exhibits, although apparently sufficiently distinct and described, also must be Bates numbered and the beginning and ending Bates numbers of each exhibit must be specified on the exhibit list. The only catch-all exhibit categories which I allow are exhibits necessary for impeachment or rebuttal, and exhibits listed by any other party. I will not allow, and will strike, a category such as "any exhibit attached to any transcript of a deposition taken in this case" as violative of the Instructions which prohibit "[g]eneral references such as 'all deposition exhibits.'"

IT IS ORDERED that the parties shall submit a revised proposed final pretrial order, as specified above, on or before **November 20, 2008, at 10:00 a.m.**

IT IS FURTHER ORDERED that a supplemental final pretrial conference is set for

**November 20, 2008, at 1:30 p.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Messrs. Anselmo and Hill may appear at the conference **by operator-assisted conference call** by initiating the conference call and then contacting the court at 303-844-6408.

Dated November 18, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge