IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C., and
DOES 1-100,

Plaintiff,

v.

FIRST TRUST COMPANY OF ONAGA,
ROGER CROUCH,
MORRILL AND JANES BANK AND TRUST,
NEILL H. TAYLOR, and
ROES 2-100,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)  **Defendants First Trust Company of Onaga and Morrill and Janes Bank and Trust's Motion to Strike Plaintiff's Untimely Notice of Demand for Rule 38 Jury Trial** [Doc. # 159, filed 7/28/2008] (the "Motion to Strike Jury Demand"); and

(2)  **Plaintiff's Motion for Trial By Jury** [Doc. # 164, filed 7/30/2008] (the "Motion for Jury Trial").

The Motion to Strike Jury Demand is GRANTED, and the Motion for Jury Trial is DENIED.

I.

This action was commenced by the filing of a Complaint [Doc. # 1-2] in the District Court of Delta County, Colorado, on May 18, 2007. The Complaint asserts claims for (1) breach of contract; (2) an accounting; (3) unjust enrichment; (4) interference with business relations; (5) unfair trade practices; (6) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and other unspecified statutes; and (7) negligence. The action was removed to this court by a Notice of Removal [Doc. # 1] on July 26, 2007.[1] Prior to removal, defendant Neill H. Taylor answered and filed a counterclaim for abuse of process. [Doc. # 1-13.] After removal, defendant Roger Crouch answered and also filed a counterclaim for abuse of process. [Doc. # 21, filed 8/28/2008.] Defendants First Trust Company of Onaga ("First Trust") and Morrill and Janes Bank and Trust ("M&J Bank") answered. [Doc. # 39, filed 9/18/2007.]

II.

Rule 81(c), Fed. R. Civ. P., addresses the issue of what rules apply to actions removed from state to federal court. The rule provides, in pertinent part:

> **(c) Removed Actions.**
> **(1) Applicability.** These rules apply to a civil action after it is removed from a state court.
> \* \* \*
> **(3)** *Demand for a Jury Trial.*
> **(A)** *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and

---

[1] The plaintiff filed a motion to remand the case [Doc. # 8, filed August 1, 2008], which was denied. See Order [Doc. # 63, filed 10/31/2007].

may so order on its own. A party who fails to make a demand
when so ordered waives a jury trial.

No jury demand was made by any party before removal, so the first sentence of Fed. R. Civ. P. 81(c)(3)(A) does not apply. Colorado state law does require an express demand for a jury trial, see Colo. R. Civ. P. 38, so the remaining three sentences of Fed. R. Civ. P. 81(c)(3)(A) also are inapplicable. Under these circumstances, Fed. R. Civ. P. 81(c)(1) controls and requires that after removal the applicable federal rule concerning a jury demand will apply. The applicable federal rule, Fed. R. Civ. P. 38, provides in relevant part:

> **Right to a Jury Trial; Demand**
>
> **(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate.
>
> **(b) Demand.** On any issue triable by a jury, a party may demand a jury by:
>    **(1)** serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served; and
>    **(2)** filing the demand in accordance with Rule 5(d).
> \* \* \*
> **(d) Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

No jury demand was filed in this case until July 13, 2008, nearly ten months after the last pleading, when the plaintiff filed its "Notice of Plaintiff's Demand for Rule 38 Jury Trial (etc.)" [Doc. # 149] (the "Jury Demand"). Two weeks later, the plaintiff filed its Motion for Jury Trial. The Jury Demand and the Motion for Jury Trial are untimely under Rule 38 by months.

III.

The Tenth Circuit Court of Appeals has addressed the issue of a late jury demand in

FDIC v. Palermo, 815 F.2d 1329 (10th Cir. 1987):

> Under Fed. R. Civ. P. 38(d), failure to so demand [under Rule
> 38(b)] constitutes a waiver of trial by jury, but a trial court retains
> discretion upon motion under Fed. R. Civ. P. 39(b) to order a jury
> trial when one was not properly demanded under Rule 38.
>
> Although Rule 39 provides for the court's discretion to be invoked
> by motion, some similar manifestation of the desire of a party to
> have a jury trial will suffice. When the request for a jury trial is
> made in a manner sufficient to bring it to the attention of the court
> and the other parties, as it was here in a pretrial memorandum
> many months before the trial, the failure to file the request as a
> "motion" should not be deemed fatal.

Id. at 1333-34 (internal citations omitted).[2] In Swofford v. B&W, Inc., 336 F.2d 406, 409 (5th Cir. 1964), a decision upon which the Tenth Circuit has relied, the court held that a late-filed jury demand, rather than a motion, is sufficient to allow the trial court to exercise its discretion under Rule 39(b).

The circuit court has consistently held that district courts should exercise their discretion to grant motions for jury trials under Rule 39(b) absent strong and compelling reasons to the contrary. Green Construction Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993); Nissan Motor Corp. in USA v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992); AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965). The circuit court has also

---

[2]Rule 39(b), Fed. R. Civ. P., states:

> Issues on which a jury trial is not properly demanded are to be
> tried by the court. But the court may, on motion, order a jury trial
> on any issue for which a jury might have been demanded.

4

held, however, that "the district court does not abuse its discretion by denying a Rule 39(b) motion when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." Dill v. City of Edmond, 155 F.3d 1193, 1208 (10th Cir. 1998)(internal quotations and citations omitted).

In this case, a strong and compelling reason exists to deny the late jury request. In particular, very early in the case the plaintiff consented in the Scheduling Order to a "3-5 day bench trial," which was made an order of the court. See Scheduling Order [Doc. # 50, filed 10/11/2007] p.16 at Part 10(b) (emphasis added). Several courts, on similar facts, have held that such an express and intentional waiver of the right to a jury trial cannot subsequently be overridden by a late jury demand. For example, in Power v. Tyco Int'l (US), Inc., 2006 WL 1628588 (S.D.N.Y. 2006), the court refused to grant a late jury demand, noting:

> The parties' formal proposal to the Court, and the Court's acceptance, of a [case management plan] providing for a non-jury trial constitutes an express waiver of a jury trial. The very purpose of including such a term in the Court's standard form CMP is to eliminate later litigation about trial issues by either securing the parties' agreement about how a case is to be tried or at least surfacing disagreement at an early stage of the case.
> \* \* \*
> [P]laintiff and defendant here have been under the impression that the case would be tried without a jury since the parties' agreement to the CMP in August 2005. Tyco did not simply fail to observe a procedural formality. . . . Quite to the contrary, Tyco affirmatively agreed that the case would not be tried to a jury. Tyco has not demonstrated a reason better than "mere inadvertence" for its failure to insist on a jury trial. On the contrary, Tyco made a deliberate decision to agree to a bench trial. . . .

Id. at \*3-4. Here, as in the Tyco case, the plaintiff's waiver in the Scheduling Order "was knowing and voluntary in any normal sense of the words." Id. at \*3. Now, after consenting to a bench trial, the plaintiff's strategy apparently has changed, and it has filed its belated jury

5

demand. As in Tyco, however, a change in strategy cannot constitute the basis for an untimely jury demand. Id. at *4.

Similarly, in Paulissen v. United States Life Ins. Co., 205 F. Supp. 2d 1120 (C.D. Calif. 2002), the court rejected the plaintiff's late jury demand under Rule 39(b), finding that "[p]laintiff waived her right to a jury trial both by not making a timely demand and explicitly, through her counsel, at the October 29, 2001, Scheduling Conference." Id. at 1125. The court held:

> When a party intentionally waives her right to a jury trial, she cannot meet the burden of demonstrating something beyond mere inadvertence of counsel. . . . Because [p]laintiff intentionally and explicitly waived her right to a jury trial, the Court declines to exercise its discretion under Rule 39(b) to order a trial by jury.

Id. See also Oklahoma Natural Gas Co. v. Larue, 1998 WL 568321 *7 (10th Cir. Sept. 1, 1998)(unpublished)(holding that the trial court did not abuse its discretion in denying a motion for jury under Rule 39(b) where there were repeated indications in the parties' joint status report and the scheduling order that the case was set for a "non-jury trial").

Similarly in this case the plaintiff's late jury demand follows an intentional and knowing waiver of its right to a jury in the Scheduling Order and is based on an apparent change of strategy, which is even less justification than mere inadvertence. Under these facts, denial of the late demand is appropriate under Nissan Motor Corp., 982 F.2d at 409.

IV.

Even in the absence of the express waiver contained in the Scheduling Order, the late jury demand should be rejected. Plaintiff's counsel attempts to justify his client's late demand because "[p]laintiff's counsel has not practiced in Federal Court in over ten years"; he is "a sole

6

practitioner" and "not adept at Federal Procedure"; this case is the first where he has had to utilize the court's electronic filing procedure; "[p]laintiff's counsel is unfamiliar with the new Federal Rules"; defendants engaged in forum shopping when they removed the case to this court; the defendants are not prejudiced by the late demand because "the parties are still in the discovery stage of litigation"; "[p]laintiff's counsel was under the good faith impression that jury trial's [sic] were guaranteed under the Constitution (which they are) unless *affirmatively* waived"; and the issues in the case "are traditionally jury issues." Motion for Jury Trial at p.2. Most of the excuses amount to inadvertence. In addition, counsel's lack of familiarity with the court's electronic filing system is irrelevant; there was no improper forum shopping by the defendants, as the court's denial of the motion to remand establishes; the argument that discovery was ongoing at the time of the late jury demand is disingenuous because discovery ended approximately two weeks after the plaintiff's late Jury Demand [Doc. # 149, filed 7/13/2008] was filed, and two days after the Motion for Jury Trial [Doc. # 164, filed 7/30/2008], see Order [Doc. # 119, filed 5/19/2008](setting a discovery cut-off of August 1, 2008); and, as discussed earlier, the plaintiff did affirmatively waive its right to a jury in the Scheduling Order.

Some courts have identified a five factor test to be applied in connection with exercising the discretion conferred under Rule 39(b), including:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983); see Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990)(same). Application of these factors here

7

dictates that the late jury demand must be denied.

First, although some of the plaintiff's claims are triable to a jury (e.g., breach of contract and negligence), others are not (e.g., the request for an accounting and the claim for unjust enrichment). This factor is neutral.

Second, allowing the late demand and trying the case to a jury would not disrupt any schedule. This factor points in favor of allowing the late jury demand.

The defendants, however, have established that they would be prejudiced by allowing a late demand because they would have prepared the case differently had expected the case to be tried to a jury. For example, defendants Crouch and Taylor state that they might have engaged additional experts and endorsed additional witnesses. This third factor points against allowing the late jury demand.

The fourth and fifth factors point strongly against allowing the late jury demand, however, and in my opinion are determinative of the matter. The plaintiff waited more than ten months before making the late jury demand, after expressly stating in the Scheduling Order that the matter would be tried to the court, and made its demand at the close of discovery. The reason for its tardiness in making the jury demand was a change of strategy. In my view, the defendants were actively misled throughout the pretrial proceedings into believing that the case would be tried to the court, and the demand came only as the matter was nearing the pretrial conference stage. It would be fundamentally unfair to reward this strategy of misdirection by allowing a late jury demand.

V.

Finally, the plaintiff makes the following cryptic argument:

> Here, there are extant several pleadings motions. If, e.g., the Court
> were to deny [p]laintiff's motion to dismiss the [d]efendant's
> counterclaim, an answer would be required. Plaintiff would then
> have an additional ten days after the answer date to file a jury
> demand.

Motion for Jury Trial at p.3. Unfortunately, the plaintiff does not identify with specificity the "several pleadings motions" to which it refers.

This case has involved a number of procedural irregularities, due in part to the failure of plaintiff's counsel to comply with the Federal Rules of Civil Procedure, the local rules of practice, and the practice standards of the district judge. In particular, the plaintiff has filed five motions directed at the counterclaims asserted against it by Crouch and Taylor. The first, filed in a format used in the state court but not by this court, was captioned "Motion to Dismiss to Neill H. Taylor Civil Counter Complaint (Revised)" [Doc. # 13, filed 8/8/2007] (the "First Taylor Motion"). That motion was filed after the case was removed to this court, and states in its opening sentence:

> PLAINTIFF West Ridge Group L.L.C. does hereby MOVE TO
> DISMISS/DEMURRER to Neill H. Taylor's counter complaint
> and moves now for an order of dismissal under C.R.C.P. 12(b)(5)
> which is considered as a Rule 56 motion FOR FAILURE TO
> STATE A CLAIM UPON WHICH RELIED CAN BE
> GRANTED.

First Taylor Motion at p.1.

The First Taylor Motion has never been ruled on, and apparently was superseded by the plaintiff's "Demurrer (Answer) to Neill H. Taylor Civil Counter Complaint" [Doc. # 24, filed 9/3/2008] (the "Second Taylor Motion"). The Second Taylor Motion, which again utilized the state court format, was stricken by the district judge for failure to comply with his practice standards, noting that "[t]his pleading appears to include either a motion to dismiss or a motion

9

for summary judgment, however, it is not clear based on the language of the pleading." Minute Order [Doc. # 38, filed 9/17/2007].

The plaintiff then filed a document captioned "(amended) Motion to Dismiss Crouch and Taylor Counter Complaint" [Doc. # 43, filed 9/25/2007] (the "First Joint Motion"). The First Joint Motion was stricken by the district judge for failure to comply with his practice standards and because the pleading appeared to be incomplete and to require the attachment of exhibits. Minute Order [Doc. # 45, filed 9/26/2007].

Next, the plaintiff filed a document captioned "Notice of Motion for Summary Judgment of Taylor and Crouch Counter Complaint" [Doc. # 52, filed 10/13/2007] (the "Second Joint Motion"). The Second Joint Motion was stricken by the district judge, again for failure to comply with his practice standards. Minute Order [Doc. # 54, filed 10/15/2007].

Finally, the plaintiff filed its "Notice of Motion for Summary Judgment of Taylor and Crouch Counter Complaint [Doc. # 55, filed 10/15/2007] (the "Third Joint Motion"). The Third Joint Motion was denied without prejudice when the district judge administratively closed the case, Minute Order [Doc. # 83, filed 3/5/2008], and was never renewed.

Significantly, the plaintiff never answered the counterclaims,[3] and defendants Crouch and Taylor never moved for the entry of default. The parties apparently have treated the plaintiff's various motions as a general denial of the allegations of the counterclaims. I deem the allegations of those counterclaims as denied and will not require the filing of any further answer.

Contrary to the plaintiff's assertion, there are no motions to dismiss pending which would allow further pleadings by the plaintiff.[4] Even if there were, the plaintiff would be allowed to demand a jury only as to the matters raised in Crouch and Taylor's counterclaims, and not with respect to the plaintiff's claims. See Fed. R. Civ. P. 38(b)(1) (stating that a demand may be filed "no later than 10 days after the last pleading directed to the issue is served" (emphasis added)); Nissan Motor Corp., 982 F.2d at 409 (holding that the filing of an amended complaint does not create a new right to demand a jury if the amendment "merely raise[s] new theories of recovery based on the same facts as those issues raised in the original complaint"); see also Oklahoma Natural Gas, 1998 WL 568321 at *6-7 (unpublished) (holding that "Rule 38 applies to 'issues' not cases," and indicating that a jury demand filed 10 days after a pleading by the intervenors would allow a jury only with respect to the issues and the parties "implicated by the pleading[]").

VI.

IT IS ORDERED that the Motion to Strike Jury Demand [Doc. # 159] is GRANTED.

IT IS FURTHER ORDERED that the Motion for Jury Trial [Doc. # 164] is DENIED.

---

[3]Rule 7(a), Fed. R. Civ. P., provides that the pleadings in a case may include a complaint; answer to the complaint; answer to a counterclaim; answer to a crossclaim; third party complaint; answer to a third-party complaint; and reply to an answer "if the court orders one."

[4]Rule 12(a)(4), Fed. R. Civ. P., requires a party to file an answer to a counterclaim "within 10 days after notice of the court's action" denying or postponing the disposition of a motion to dismiss.

Dated December 9, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge