IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C., and
DOES 1-100,

Plaintiff,

v.

FIRST TRUST COMPANY OF ONAGA,
ROGER CROUCH,
MORRILL AND JANES BANK AND TRUST,
NEILL H. TAYLOR, and
ROES 2-100,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Plaintiff's Motion to Compel Deposition Answers and Production of Documents from Subpoena'd** [sic] **Witness Larry Head** [Doc. # 228, filed 12/10/2008] (the "Motion to Compel");

(2) **Motion of Counsel for Defendants Roger Crouch and Neill H. Taylor to Appear By Telephone for Hearing Set for January 21, 2009 Regarding Docket # 228 Motion** [Doc. # 247, filed 1/9/2009] (the "Motion to Attend By Telephone"); and

(3) **Motion for Continuance of Hearing and for Telephone Appearance or In the Alternative Ruling on Submittals** [Doc. # 249, filed 1/10/2009] (the "Motion to Continue Hearing").

For the reasons stated below, the Motion to Compel is DENIED, and the Motion to

Attend By Telephone and the Motion to Continue Hearing are DENIED as moot.

The Motion to Compel concerns the deposition of Larry Head, a non-party witness. Mr. Head's deposition was taken pursuant to a subpoena. There is a dispute about whether the subpoena included a requirement for the production of documents. Specifically, Thomas C. Hill representing defendants Crouch and Taylor at the deposition of Mr. Head stated:

> MR. HILL: Actually, for the record, if you will notice in Mr. Head's subpoena, I left out documents to produce. Even though the title says "produce documents," I did not identify anything that he was supposed to produce.
>
> So when he called me on the phone, I said, "Look, I made a mistake. I should have asked you to bring your file. I didn't do that. Do you want to discuss this with me?"
>
> And Mr. Head said, "Sure."
>
> I said, "I'm interested in Parcel C documents only, release documents, anything of that nature, communications." And Mr. Head then made copies of those, went through his files and pulled them out.
>
> Then he came to the deposition today and showed me the copies that he had pulled out of his file. Then he presented me with these two files; and he said, "These do not have anything related to Parcel C in them."
>
> And I said, "Fine. I'm not interested in that. I just want Parcel C documents."
>
> And so that's where we stand. So there is no subpoena for him to produce the files.

Exh. to Motion to Compel [Doc. # 228-2, filed 12/10/2008] (the "Head Depo.") at p.8 line 25 through p.10 line 6.

I have not been provided with a copy of the subpoena.

In the absence of a copy of the subpoena, I must assume that the statements of Mr. Hill

are correct. Absent a subpoena, I am not aware of anything which would require Mr. Head to produce documents to the plaintiff for inspection and copying, and plaintiff's counsel has not directed me to any such authority.

The plaintiff also claims that "Mr. Head . . . repeatedly refreshed his recollection of events by looking through all three files and reading documents." Motion to Compel at p.2. None of the portions of Mr. Head's deposition transcript provided to me contains an instance where Mr. Head used the files to refresh his recollection, however.

The Motion to Compel is denied insofar as it seeks an order compelling Mr. Head to produce documents.

The plaintiff also complains that "Mr. Head answered all questions asked by both defendant's counsel. He refused to answer may questions posed by Plaintiff." Id. The plaintiff seeks to compel the answers to those questions. I have reviewed the deposition excerpts provided with the Motion to Compel, and it appears that Mr. Head refused to answer three questions inquiring into two topics. First, Mr. Head refused to answer a question which clearly called for the disclosure of information subject to the attorney-client privilege,[1] and Mr. Head

---

[1]The deposition excerpt contains the following exchange which includes the first question Mr. Head refused to answer:

> Q [by Mr. Anselmo]: Did you [Mr. Head] write anything back after receiving this?
>
> A [by Mr. Head]: I wrote back, Will reply after consultation with my attorney.
>
> Q: Okay. And who did you talk to at that time?
>
> A: My attorney, Mr. Stanway.

3

acted within his rights when he refused to waive the privilege.

The second line of inquiry concerns a promissory note from Mr. Head apparently to the benefit of Paonia State Bank which was in foreclosure by the bank. Mr. Head refused to answer two questions concerning "how much was the note that you were in foreclosure with, with Paonia State Bank?" Head Depo. at p.23 lines 24 through 25 and p.24 lines 21 through 24. I do not grasp the relevance of the question to any matter at issue in this case, and the plaintiff has not explained the relevance in its motion. Consequently, I will not compel an answer to these questions.

In view of my ruling on the Motion to Compel contained here, the Motion to Attend By Telephone and the Motion to Continue Hearing are moot.

IT IS ORDERED that the Motion to Compel [Doc. # 228] is DENIED.

IT IS FURTHER ORDERED that the Motion to Attend By Telephone [Doc. # 247] and the Motion to Continue Hearing [Doc. # 249] are DENIED as moot.

IT IS FURTHER ORDERED that the hearing on the Motion to Compel set for January 21, 2009, at 3:30 p.m., is VACATED.

---

Q: And what did you guys talk about?
* * *
A: I refuse to answer.

Head Depo. at p.23 line 6 through line21.

4

Dated January 12, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge