IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C.; and
DOES 1-100,

    Plaintiffs,

v.

FIRST TRUST COMPANY OF ONAGA;
ROGER CROUCH;
MORRILL AND JANES BANK AND TRUST;
NEILL H. TAYLOR; and
ROES [DOES] 2-100,

    Defendants.

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S ORDER**

    THIS MATTER is before the Court on Plaintiff's Motion for Review/Reconsideration for Trial By Jury, filed December 13, 2008 [#231] ("Motion"). In the Motion, Plaintiff West Ridge Group, LLC ("West Ridge") appeals Magistrate Judge Boland's Order of December 9, 2008 [#226], granting a Motion to Strike West Ridge's Jury Demand and denying West Ridge's Motion for Jury Trial. West Ridge filed a Reply supporting its Motion on December 31, 2008 [#242], and all Defendants filed a joint Opposition to the Motion on January 2, 2009 [#243].

    By way of background, I note that on July 13, 2008, West Ridge filed a "Notice of Plaintiff's Demand for Rule 38 Jury Trial and Notice of Service Pursuant to Rule 5(D)"

[#149]. On July 28, 2008, Defendants First Trust Company of Onaga and Morrill and Janes Bank and Trust (the "Bank Defendants") filed a "Motion to Strike Plaintiff's Untimely Notice of Demand for Rule 38 Jury Trial" [#159]. The Motion to Strike was referred to Magistrate Judge Boland by memorandum dated July 28, 2008 [#161]. West Ridge then filed a Motion for Trial By Jury on July 30, 2008 [#164]. On December 9, 2008, Magistrate Judge Boland issued an Order granting the Motion to Strike and denying Plaintiff's request for a jury trial ("Order") [#226]. The Order is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

In the Order, Magistrate Judge Boland found that the Federal Rules of Civil Procedure, specifically Fed. R. Civ. P. 38, controls and requires that in this case a written demand for a jury trial must be served on the other parties in the case "no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Order at 2-3. Here, no jury demand was filed until July 13, 2008, nearly ten months after the last pleading. Magistrate Judge Boland notes that Rule 39(b) gives the trial court discretion, upon motion, to order a jury trial even when one was not properly demanded under Rule 38. Order at 4. However, Magistrate Judge Boland found that West Ridge intentionally and knowingly waived its jury demand by consenting in the Scheduling Order to a "3-5 day *bench* trial," and noted that West Ridge's belated demand appeared to be based on change of strategy, rather than inadvertence. Order at 5-6. In addition, Magistrate Judge Boland rejected West Ridge's counsel's attempt to justify his late demand based on his status as a sole practitioner and his unfamiliarity with the Federal Rules of Civil Procedure. Order at 7. Applying the five factor test set

forth in *Parrot v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983), Magistrate Judge Boland concluded that it would be unfair to grant West Ridge's late jury demand in this case. Order at 7-8. Finally, Magistrate Judge Boland rejected West Ridge's assertion that "there are extant several pleadings motions," and "if the court were to deny [p]laintiff's motion to dismiss the [d]efendant's counterclaim, an answer would be required," giving West Ridge "an additional ten days after the answer date to file a jury demand." Magistrate Judge Boland found that there are no motions to dismiss pending which would allow further pleadings by West Ridge. Order at 9-11.

Turning to the merit of the motion, since the matters at issue involve nondispositive pretrial motions, I must review the Magistrate Judge's Order under a more deferential standard by which plaintiff must demonstrate that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

In its motion for review, West Ridge contends that his late jury request should be granted in this case because (1) counsel for West Ridge is a sole practitioner and unfamiliar with the new Federal Rules and Federal Court practice; (2) Defendants are guilty of forum shopping; (3) West Ridge advised all parties of a demand for jury trial during the first settlement conference; (4) West Ridge's counsel is under the impression that jury trial's are guaranteed under the Constitution and West Ridge expects the issues which are traditionally jury issues, such as "negligence [sic] contract

performance, punitive damages," to be determined by a jury here; (5) granting its request for jury trial will not prejudice Defendants; and (6) the Court can easily schedule this matter for a jury trial.  Motion for Reconsideration at 2-3.

I first note that West Ridge's counsel's assertion that he is a sole practitioner and his admitted unfamiliarity with federal courts and the Federal Rules of Civil Procedure is simply no excuse for his failure to file a timely jury demand in this case.  It is counsel's responsibility, as a member of the bar of the State of Colorado and as an individual admitted to practice before this Court, to familiarize himself with the rules and procedures applicable to federal court practice including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the District of Colorado's Local Rules of Procedure, and my Practice Standards.  Any further claims of ignorance of these rules, or any other applicable rules or procedures, will not be tolerated.  In any case, even if West Ridge had filed this matter in state court, Colorado state law requires an express demand for a jury trial be made "any time after the commencement of the action but not later than ten days after the service of the last pleading directed to such issue." C.R.C.P. 38(b).

I find West Ridge's remaining arguments unpersuasive and I overrule these objections, finding that West Ridge has not shown the Order is clearly erroneous or contrary to law.  I find no indication that Defendants are guilty of "forum shopping" in order to prevent West Ridge from having a jury trial, nor do I find any other strong and compelling reason to overrule the Magistrate Judge's Order and grant West Ridge's belated motion for a jury trial.  I find the reasoning in Magistrate Judge Boland's Order

to be persuasive. Accordingly, I find no error with the Order of December 9, 2008 [#226].

Based upon the foregoing, it is

ORDERED that Plaintiff's "Motion for Review/Reconsideration for Trial by Jury," filed December 13, 2008 [#231] is **OVERRULED**. The remaining claims in this case, namely West Ridge's Breach of Contract claim against Defendants Crouch and Taylor, and Defendants Crouch and Taylor's counterclaim against West Ridge for Abuse of Process, shall be tried to the Court.

Dated: March 10, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge