IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C.; and
DOES 1-100,

    Plaintiffs,

v.

FIRST TRUST COMPANY OF ONAGA;
ROGER CROUCH;
MORRILL AND JANES BANK AND TRUST;
NEILL H. TAYLOR; and
ROES [DOES] 2-100,

    Defendants.

# ORDER

THIS MATTER is before the Court on Defendants First Trust Company of Onaga ("FTCO") and Morrill and Janes Bank and Trust ("MJBT") Motion for Attorneys' Fees, filed May 19, 1009 [#268], in which MJBT and FTCO seek an award of $189,254.75 in attorneys' fees incurred defending West Ridge's claims in this action. West Ridge filed a response on May 27, 2009, and FTCO and MJBT filed a reply on June 4, 2009.

I.    Introduction:

By way of background, I note that Plaintiff West Ridge Group, L.L.C. ("West Ridge") initiated this action on May 18, 2007, in Delta County District Court, asserting eight separate claims against all Defendants (including Defendants Neill H. Taylor, Roger Crouch, FTCO and MJBT) for (1) breach of contract; (2) accounting; (3) unjust

enrichment; (4) interference with business relations; (5) unfair trade practices; (6) violation of the Real Estate Settlement Procedures Act ("RESPA"); (7) negligence and (8) punitive damages. The case was removed to this court on July 26, 2007. Defendants Crouch and Taylor filed a Motion for Summary Judgment on April 18, 2008, and FTCO and MJBT (collectively the "Bank Defendants") filed a Motion for Summary Judgment on August 29, 2008.

The undisputed facts presented in connection with Defendants' motions for summary judgment established that on December 23, 2004, Crouch and Taylor purchased from an entity known as Head Acres, Inc. a Promissory Note dated June 22, 2000, with a face amount of $530,000.00 ("the Note"). Crouch and Taylor used funds in their FTCO self-directed Individual Retirement Accounts to purchase the Note. West Ridge is the maker of the Note. The Note is secured by a Deed of Trust also dated June 22, 2000, and recorded in the records of Delta County, Colorado ("Deed of Trust"). The collateral for the Note is a 160 acre parcel of land comprised of several separate parcels (the "Delta County Parcel"). The Note does not assign a specific value to any of the separate parcels, and it provides in relevant part that:

> Borrower may pay, in addition to the other required and scheduled payments, a pro-rata share of any outstanding indebtedness to obtain a corresponding pro-rata partial release of the aforesaid deed of trust, at any time.

In the Fall of 2006, West Ridge secured financing to complete construction of a hunting lodge located on a specific 40 to 43 acre parcel within the Delta County Parcel ("Parcel C"). According to West Ridge, financing for construction of the lodge was contingent upon the lender taking first position on the deed of trust securing Parcel C.

Phillip Anselmo, a managing member of West Ridge and counsel for West Ridge in this case, advised Crouch and Taylor of West Ridge's intent to seek release of Parcel C in accordance with the provisions in the Note. West Ridge and Crouch and Taylor did not agree on the proper interpretation of the release provision in the Note. Sometime in January, 2007, West Ridge paid the amounts requested by Crouch and Taylor to obtain release of Parcel C.

In their motion for summary judgment, the Bank Defendants claimed that West Ridge had no basis for asserting any claims against them as neither of them had any direct involvement in the transaction at issue. According to the Bank Defendants, FTCO is merely the custodial trustee for the self-directed Individual Retirement Accounts held by Defendant Crouch and Defendant Taylor, and MJBT is a Kansas bank that has had no involvement with Defendant Crouch and Defendant Taylor other than having wire transferred funds for FTCO. In the Final Pretrial Order, the parties stipulated that before filing this action, West Ridge never communicated directly with the Bank Defendants. *See* Final Pretrial Order [#236], at 10. In response to the motion for summary judgment West Ridge asserted that the Bank Defendants exercised control and discretion over Crouch and Taylor's assets and investments and were liable under "respondeat superior, agency, and joint venture theories." *See* Final Pretrial Order [#236], at 3.

On March 10, 2009, I entered an order granting the Bank Defendants' motion for summary judgment in its entirety, and dismissing all claims asserted against the Bank Defendants with prejudice. *See* Order [#253]. In the Order, I dismissed West Ridge's negligence claim, its RESPA claim, its exemplary damages claim, its unfair trade

practices claim, its interference with business relations claim, and its accounting claim, as to all Defendants.  Specifically, I found that West Ridge's negligence claim was barred by the economic loss rule, that West Ridge failed to articulate any statutory violation to support its RESPA claim, that West Ridge failed to establish the existence of a triable issue of fact with respect to its exemplary damages claim, that West Ridge failed to identify a "challenged practice" to support its unfair trade practices claim, and that West Ridge failed to produce any evidence to support its interference with business relations claim.  As to the accounting claim, I noted that West Ridge failed to demonstrate the existence of an essential element of its claim - namely a demand for accounting and a refusal to comply - and that the Bank Defendants were entitled to summary judgment as a matter of law.

As to West Ridge's breach of contract claim, I denied Defendants Crouch and Taylor's request for summary judgment, but I granted summary judgment in favor of the Bank Defendants as West Ridge failed to identify the existence of any contractual relationship with the Bank Defendants.  Finally, with respect to West Ridge's contention that the Bank Defendants were somehow liable "as principals under respondeat superior," I found that there was no evidence that the Bank Defendants acted as "principals" with respect to Defendants Crouch and Taylor, and that West Ridge had not articulated any cognizable legal theory under which the Bank Defendants could be responsible for the actions of Defendants Crouch and Taylor.  I further found that West Ridge "has failed to articulate any legal basis for any of its claims against the Bank Defendants in this case."  *See* Order [#253] at 18.

In the instant motion, the Bank Defendants assert that I should require West Ridge and its counsel, Mr. Philip Anselmo, to pay the attorneys' fees FTCO and MJBT have incurred pursuant to Colo. Rev. State. § 13-17-102. The Bank Defendants contend that not only did West Ridge's claims against them lack substantial justification, they also complain that West Ridge and Mr. Anselmo pursued their unsupported claims in an improper and baseless manner designed to harass FTCO and MJBT and to increase their costs. The Bank Defendants note that they were required to expend significant time and effort (1) obtaining a Protective Order in response to West Ridge's improper attempts to depose the Bank Defendants in Denver, rather than in Kansas where they reside, (2) briefing their motion for summary judgment, and (3) responding to West Ridge's improper and irregular filings.

II. <u>Analysis</u>:

    A.    <u>Legal Standard</u>:

Under Colorado law, a court may award reasonable attorneys' fees in any civil action of any nature. Colo. Rev. Stat. § 13-17-102 provides that the court shall award reasonable attorneys' fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines (1) lacked substantial justification; (2) was interposed for delay or harassment; or when the court determines (3) that an attorney or party unnecessarily expanded the proceeding by other improper conduct. The term "lacked substantial justification" under the statute "means substantially frivolous, substantially groundless, or substantially vexatious." C.R.S. § 13-17-102(4). A claim "is frivolous if the proponent can present no rational argument

based on the evidence or law in support of that claim or defense." *Harrison v. Luse*, 760 F. Supp. 1394, 1400 (D. Colo. 1991) (citing *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)). A claim is "groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial." *Id.* And a claim is vexatious if it is brought or maintained in bad faith, including conduct that is stubbornly litigious." *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 511 (Colo. App. 2009).

In addition, Colo. Rev. Stat. § 13-17-103 provides that "in determining whether to assess attorney fees and the amount of attorney fees to be assessed against any offending attorney or party," the court shall consider:

> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;
>
> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
>
> (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
>
> (g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;
>
> (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the

ultimate relief granted by the court.

C.R.S. § 13-17-103(1)(a)-(h).

  B. <u>Whether an Award of Attorneys' Fees is Appropriate</u>:

In their motion, the Bank Defendants contend that they have incurred and are entitled to recover more than $185,000 in attorneys' fees. West Ridge contends that it presented a "arguable meritorious" basis upon which to hold the Bank Defendants liable in this case because they are "fiduciaries." I note that early in this litigation the Bank Defendants filed a motion for more definite statement, seeking clarification of the claims asserted against them, which was subsequently denied by Magistrate Judge Boland. The Bank Defendants next sought dismissal of the claims against them in the context of a motion for summary judgment. As set forth in my Order granting the Bank Defendants' motion for summary judgment, West Ridge's attempt to hold the Bank Defendants liable for the conduct complained of in the Complaint under the doctrine of "respondeat superior," or under an "agency" theory was wholly without merit. It is undisputed that West Ridge had no contractual relationship with the Bank Defendants. Nothing in the record presented in connection with the briefing on Defendants' summary judgment motions indicates that the Bank Defendants owed West Ridge any duties of care. As I stated in my Order granting the Bank Defendants' motion for summary judgment, "West Ridge has failed to articulate any legal basis for any of its claims against the Bank Defendants in this case."

I find that West Ridge's arguments in response to the Bank Defendants' motion for summary judgment were groundless, and were not supported by any credible

evidence.  *Harrison v. Luse*, 760 F. Supp. at 1400.  In addition, I find that consideration of the factors set forth in C.R.S. § 13-17-103, supports an award of attorneys' fees in favor of the Bank Defendants.  By the time the case reached the summary judgment stage, West Ridge should have known that its claims against the Bank Defendants lacked factual support, and were likely improper as a matter of law.  I note that the Bank Defendants were successful in obtaining dismissal of all of the claims asserted against them at the summary judgment phase.  For these reasons, the Bank Defendants are entitled to an award for the attorneys' fees expended in connection with their motion for summary judgment.

However, I reject the Bank Defendants' contention that they are entitled to an award of fees for all of the work expended in this case, specifically the work expended in connection with the discovery phase of this case, or in connection with the Bank Defendants' briefing on the jury demand issue.  As noted above, early in this litigation the Bank Defendants filed a motion for more definite statement, seeking clarification of the claims asserted against them, which was subsequently denied by Magistrate Judge Boland.  In addition, I note that during the discovery process, the Bank Defendants successfully obtained a protective order against West Ridge, and were subsequently invited to file a motion to recover their attorney fees' and costs in connection with that order, but did not do so.  On the whole, and after reviewing the entire record, I cannot say that West Ridge's actions prior to the Bank Defendants' filing of their motion for summary judgment lacked substantial justification or improperly expanded the proceedings to the extent that an award of attorneys' fees is justified under C.R.S. § 13-

17-102. While I agree with the Bank Defendants that West Ridge is responsible for numerous irregular filings and multiple failures to follow the Federal Rules of Civil Procedure, this Court's local rules of procedure, and my practice standards, I find that these failures most significantly impacted the Court and court staff, as opposed to the Defendants.

C. Amount of Fees:

After determining that reasonable attorneys' fees should be assessed, I must "allocate the payment thereof among the offending attorneys and parties, jointly or severally, as it seems most just, and may charge such amount, or portion thereof, to any offending attorney or party." *Harrison*, 760 F.Supp. at 1400 (citing C.R.S. § 13-17-102(3)). The amount of attorneys' fees is subject to the Court's discretion, and also requires consideration of the factors listed in C.R.S. § 13-17-103. Here, in connection with its motion, the Bank Defendants have submitted affidavits from Sean Baker, an attorney with the law firm of Wheeler Trigg Kennedy LLP ("WTK"), who represented the Bank Defendants in this matter since its inception, and attorney Ann B. Frick, who is employed by a different law firm, and was asked by WTK to conduct a review of the work performed and the bills submitted by WTK in connection with this case.

Ms. Frick concluded that the hourly rates charged by counsel for representation of the Bank Defendants, including attorney Sean Baker's rate of $280 per hour, Sean Saxon's rate of $235 per hour, associate attorneys' rates of $235 per hour, and paralegal rates of $105 per hour, were reasonable. In addition, Ms. Frick segregated the time spent by WTK on (1) the Bank Defendant's Motion for Summary Judgment

(60.5 hours); (2) the Bank Defendant's Response to West Ridge's Motion for Protective Order (32.05 hours); (3) briefing regarding West Ridge's jury demand (16.4 hours); and (4) work on the Pretrial Order (68.9 hours).  Ms. Frick concluded that the time spent on each of these tasks was reasonable.  Specifically, Ms. Frick concluded that the Bank Defendants incurred $15,431.50 in attorneys' fees in connection the their motion for summary judgment.

In its response to the motion, West Ridge does not address the reasonableness of the Bank Defendants' counsels' hourly rates or the amount of time spent on various aspects of this case.  Upon review of the file, and in view of the uncontroverted affidavits submitted by Mr. Baker and Ms. Frick, I find the hourly rates charged by WTK are reasonable, as is the time spent on the summary judgment motion.  Finally, I find that my award of attorneys' fees should be joint and several against Plaintiff West Ridge Group, L.L.C. and its managing member and counsel, Mr. Anselmo.  It was apparent throughout the trial to the court that Mr. Anselmo was both the attorney for West Ridge and its sole managing member.  Under these circumstances, a joint and several award is appropriate.

III.    Conclusion

Therefore, it is hereby

ORDERED that Defendants First Trust Company of Onaga ("FTCO") and Morrill and Janes Bank and Trust ("MJBT") Motion for Attorneys Fees, filed May 19, 1009 [#268] is **GRANTED IN PART**, as set forth herein.  It is

FURTHER ORDERED that an award of attorneys' fees shall enter in favor of

Defendants First Trust Company of Onaga and Morrill and Janes Bank and Trust and against West Ridge Group, L.L.C. and Phillip Ernest Anselmo, jointly and severally, in the amount of $15,431.50.

Dated: March 31, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge