IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01587-WYD-BNB

WEST RIDGE GROUP, L.L.C.; and
DOES 1-100,

     Plaintiffs,

v.

FIRST TRUST COMPANY OF ONAGA;
ROGER CROUCH;
MORRILL AND JANES BANK AND TRUST;
NEILL H. TAYLOR; and
ROES [DOES] 2-100,

     Defendants.

---

## ORDER

---

     THIS MATTER is before the Court on the Motion for Attorney Fees of Defendants Roger Crouch and Neill H. Taylor, filed August 21, 2009 [#310], in which Defendants Crouch and Taylor seek a total of $174,495.02 in attorneys' fees incurred defending West Ridge's claims in this action.  West Ridge filed a response on August 27, 2009, and Crouch and Taylor filed a reply on September 9, 2009.

I.    Introduction:

     By way of background, I note that Plaintiff West Ridge Group, L.L.C. ("West Ridge") initiated this action on May 18, 2007, in Delta County District Court, asserting eight separate claims against all Defendants for (1) breach of contract; (2) accounting; (3) unjust enrichment; (4) interference with business relations; (5) unfair trade practices; (6) violation of the Real Estate Settlement Procedures Act ("RESPA"); (7) negligence

and (8) punitive damages.  The case was removed to this court on July 26, 2007.

On April 18, 2008, Defendants Crouch and Taylor filed a Motion for Summary Judgment.  The undisputed facts presented in connection with Defendants' motions for summary judgment established that on December 23, 2004, Crouch and Taylor purchased from an entity known as Head Acres, Inc. a Promissory Note dated June 22, 2000, with a face amount of $530,000.00 ("the Note").  Crouch and Taylor used funds in their FTCO self-directed Individual Retirement Accounts to purchase the Note.  West Ridge is the maker of the Note.  The Note is secured by a Deed of Trust also dated June 22, 2000, and recorded in the records of Delta County, Colorado ("Deed of Trust").  The collateral for the Note is a 160 acre parcel of land comprised of several separate parcels (the "Delta County Parcel").  The Note does not assign a specific value to any of the separate parcels, and it provides in relevant part that:

> Borrower may pay, in addition to the other required and scheduled payments, a pro-rata share of any outstanding indebtedness to obtain a corresponding pro-rata partial release of the aforesaid deed of trust, at any time.

In the Fall of 2006, West Ridge secured financing to complete construction of a hunting lodge located on a specific 40 to 43 acre parcel within the Delta County Parcel ("Parcel C").  According to West Ridge, financing for construction of the lodge was contingent upon the lender taking first position on the deed of trust securing Parcel C.  Phillip Anselmo, a managing member of West Ridge and counsel for West Ridge in this case, advised Crouch and Taylor of West Ridge's intent to seek release of Parcel C in accordance with the provisions in the Note.  West Ridge and Crouch and Taylor did not agree on the proper interpretation of the release provision in the Note.  Sometime in

January, 2007, West Ridge paid the amounts requested by Crouch and Taylor to obtain release of Parcel C.

On March 10, 2009, I entered an order granting the Crouch and Taylor's Motion for Summary Judgment as to all of the claims asserted them except for West Ridge's breach of contract claim. The matter proceed to a two-day bench trial held the week of June 29, 2009. On July 14, 2009, I entered Findings of Fact and Conclusions of Law and found in favor of Crouch and Taylor on West Ridge's breach of contract claim. West Ridge has appealed this decision, and that appeal is currently pending before the United States Court of Appeals for the Tenth Circuit. Judgment entered in favor of all Defendants on July 17, 2010.

In the instant motion, Crouch and Taylor assert that they are entitled to receive an award of attorneys' fees based on language in the Deed of Trust, which allows them to recover attorneys' fees when defending or protecting their interests in the collateral. They also contend that they are entitled to reasonable attorneys' fees pursuant to C.R.S. § 13-17-102. According to Crouch and Taylor, West Ridge's claims against them were substantially groundless and frivolous.

II.    Analysis:

A.    Legal Standard:

The American rule generally provides that, "[i]n the absence of a statute or private contract to the contrary, attorneys fees and costs are not recoverable." *Bunnett v. Smallwood*, 793 P.2d 157 (Colo. 1990) (en banc); *Hedgecock v. Stewart Title Ins. Co.*, 676 P.2d 1208, 1211 (Colo. App. 1983). However, under Colorado law, a court may award reasonable attorneys' fees against any attorney or party who has brought or

defended a civil action, either in whole or in part, that the court determines (1) lacked

substantial justification; (2) was interposed for delay or harassment; or when the court

determines (3) that an attorney or party unnecessarily expanded the proceeding by

other improper conduct.  C.R.S. § 13-17-102.  The term "lacked substantial justification"

under the statute "means substantially frivolous, substantially groundless, or

substantially vexatious."  C.R.S. § 13-17-102(4).  A claim "is frivolous if the proponent

can present no rational argument based on the evidence or law in support of that claim

or defense." *Harrison v. Luse*, 760 F. Supp. 1394, 1400 (D. Colo. 1991) (citing *Western

United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)).  A claim is "groundless

if the allegations in the complaint, while sufficient to survive a motion to dismiss for

failure to state a claim, are not supported by any credible evidence at trial." *Id.*  And a

claim is vexatious if it is brought or maintained in bad faith, including conduct that is

stubbornly litigious." *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 511 (Colo.

App. 2009).

In addition, Colo. Rev. Stat. § 13-17-103 provides that "in determining whether to

assess attorney fees and the amount of attorney fees to be assessed against any

offending attorney or party," the court shall consider:

> (a) The extent of any effort made to determine the validity of
> any action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement
> of an action to reduce the number of claims or defenses
> being asserted or to dismiss claims or defenses found not to
> be valid within an action;
>
> (c) The availability of facts to assist a party in determining
> the validity of a claim or defense;

(d) The relative financial positions of the parties involved;

(e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;

(f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;

(g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;

(h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

C.R.S. § 13-17-103(1)(a)-(h).

B.     <u>Whether an Award of Attorneys' Fees is Appropriate</u>:

I first address whether Crouch and Taylor have a contractual right to recover their

attorneys' fees pursuant to language in the Deed of Trust.  Paragraph 9 of the Deed of

Trust provides in relevant part:

> Protection of Lender's Security.  Except when Borrower has exercised Borrower's rights under Paragraph 6 above, if the Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if a default occurs in a prior lien, or *if any action or proceeding is commenced which materially affects Lender's interest in the Property*, then Lender, at Lender's option, with notice to the Borrower if required by law, may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including, but not limited to:
>
> . . .
>
> > (e)     the reasonable costs and expenses of defending, protecting, and maintaining the Property and Lender's interest in the Property including repairs and maintenance costs and expenses, costs and expenses of protecting and securing the Property, receiver's fees and

> expenses, inspection fees, appraisal
> fees, court costs, _attorney fees and_
> _costs_, and fees and costs of an attorney
> in the employment of the Lender or
> holder of the certificate of purchase . . .

In addition, the Deed of Trust states that "any amounts disbursed by Lender pursuant to this paragraph 9, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust."

The interpretation of a contract is a question of law. *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 517 (Colo. App. 2006). In construing paragraph 9 of the Deed of Trust, my primary obligation "is to effectuate the intent of the contracting parties according to the plain language and meaning of the contract." *Albright v. McDermond*, 14 P.3d 318, 322 (Colo. 2000). "The overriding rules of contract interpretation require a court to apply the plain meaning of the words used, subject to interpretation from the context and circumstances of the transaction." *Albright*, 14 P.3d at 222.

I am not persuaded by Crouch and Taylor's argument that the language in Paragraph 9 of the Deed of Trust grants them the right to collect attorneys' fees in the context of this lawsuit. As an initial matter, this lawsuit was commenced because of the parties' competing interpretations of the release provision in the Note and it does not directly implicate any of the terms in the Deed of Trust. The Note does not contain any provision that allows either party to recover attorneys' fees. In addition, this proceeding cannot be characterized as one that "materially affects" Crouch and Taylor's interest in the Property. Crouch and Taylor remained fully secured throughout the pendency of this litigation. The only issue determined by the Court was whether the amount of money Crouch and Taylor demanded in exchange for the release of Parcel C violated

the terms of the release provision contained in the Note. While Crouch and Taylor ultimately prevailed, their asserted interpretation of the release provision and their subsequent valuation of Parcel C was not straightforward. Therefore, I find that Crouch and Taylor are not entitled to recover attorneys' fees under the language contained in paragraph 9 of the Deed of Trust.

I also find that Crouch and Taylor are not entitled to an award of attorneys' fees under C.R.S. § 13-17-102. Upon review of the entire record, and the factors set forth in C.R.S. § 13-17-103, I cannot say the West Ridge's conduct lacked substantial justification, or was frivolous, groundless, or undertaken in bad faith. This case involved disputing interpretations of a contract provision. While Crouch and Taylor ultimately prevailed in their interpretation, the issues were not completely straightforward. As noted in my findings of fact and conclusions of law, during the trial to the court, West Ridge raised several issues with respect to the methodology used by Crouch and Taylor to appraise Parcel C and the remaining Delta County Property. West Ridge presented evidence that the appraiser hired by Crouch and Taylor did a full walk-through inspection of the hunting lodge on Parcel C and performed only a site inspection of the buildings on the remaining parcels. West Ridge also presented evidence that Crouch and Taylor's appraiser erroneously included the value of a 7-bedroom, 7-bathroom cabin within the appraisal for Parcel C when that property was situated on the remaining parcels. Finally, while I agree with Crouch and Taylor that West Ridge is responsible for numerous irregular filings and multiple failures to follow the Federal Rules of Civil Procedure, this Court's local rules of procedure, and my practice standards, I find that these failures most significantly impacted the Court and court staff, as opposed to the

Defendants.

Because I decline to award Defendants Crouch and Taylor attorneys' fees, I need not hold a hearing, or receive other evidence to determine the reasonableness of any fees.

III.     Conclusion

Therefore, it is hereby

ORDERED that the Motion for Attorney Fees of Defendants Roger Crouch and Neill H. Taylor, filed August 21, 2009 [#310] is **DENIED**.

Dated:  March 31, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge